IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TU MY TONG,

    Plaintiff,

v.                                       No. 15-CV-191 MCA/SMV

THE STATES OF NEW MEXICO;
THE GOVERNOR OF NEW MEXICO
SUSANA MARTINEZ; IDA
D'ANTONIO HANGEN, an individual,
LOUIS MARTINEZ, an individual,
And DOES 1 THROUGH 100,
Inclusive,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Declaration of Plaintiff Tu My Tong to Vacate the Court's Order of 8-26-15, Due to Defendants's* (sic) *Failure to Serve Plaintiff with the Motion and for Defendants's* (sic) *Continued Failure and Refusal to Comply with this Court's Rules* [Doc. 46]. Therein, Plaintiff, *pro se*, asks this Court to vacate its *Memorandum Opinion and Order*, and thus the Court construes Ms. Tong's *Declaration* as a *Motion to Alter or Amend Judgment*, which was timely filed under Federal Rule of Civil Procedure 59(e). This matter is also before the Court on *Plaintiff's Objection to Court's Order on 8-26-15* [Doc. 49], which the Court will construe as a motion for relief under Federal Rule of Civil Procedure 60(b). The Court, having considered the submissions, the relevant law, and otherwise being fully informed in the premises, hereby **DENIES** Plaintiff's Motions. [Docs. 46, 49]

1

**BACKGROUND**

The facts of this case were set out in the Court's prior *Memorandum Opinion and Order* [Doc. 40, pp. 2-7], and the Court will not reiterate them here. Instead, the Court will set out only the facts necessary to address Plaintiff's arguments. On August 26, 2015 this Court entered its *Memorandum Opinion and Order* dismissing Plaintiff's claims against the United States and Ida D'Antonio-Hangen and Luis Martinez, who are both Assistant United States' Attorneys. [Doc. 40, p. 18] The Court also dismissed Plaintiff's claims arising under federal law against New Mexico Governor Susana Martinez and "the States of New Mexico." [Doc. 40, p. 18] Declining to exercise supplemental jurisdiction over Plaintiff's remaining claims arising under state law, the Court determined that these claims would be remanded to the Third Judicial District Court of New Mexico. [Doc. 40, p. 18] Before the Court entered a separate Order remanding these claims, Plaintiff appealed to the Tenth Circuit. [Doc. 41] However, after appealing, Plaintiff filed the present Declaration requesting the Court to vacate its *Memorandum Opinion and Order*. [Doc. 46] In addition, on October 29, 2015, Plaintiff filed *Plaintiff's Objection to Court's Order on 8-26-15*. [Doc. 49]

**ANALYSIS**

Liberally construing Plaintiff's *Declaration*, the Court will consider it to be a Motion to Alter or Amend the Judgment brought under Federal Rule of Civil Procedure 59(e). *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberally construing Plaintiff's *Objection*, the Court will consider them as a Motion under Rule 60(b). *Id.*

According to *Warren v. American Bankers Insurance of Florida*, 507 F.3d 1239, 1244-45 (10th Cir. 2007), the Court is not deprived of jurisdiction to address Plaintiff's timely Rule 59(e) motion, even though Plaintiff filed her Notice of Appeal before filing her *Declaration*.  Thus, the Court addresses the *Declaration*, and will also address Plaintiff's *Objection*.  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

> [A] motion for reconsideration and a successive Rule 60(b) motion . . . are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed.

*Id.*

Though Plaintiff's *Declaration* is difficult to follow, the Court understands Plaintiff to raise the following issues concerning the Court's decision:  1) this case was improperly removed from State Court because the Assistant United States Attorney did not give her notice that he was removing the case, and instead she received notice on March 14, 2015 after he mailed her a copy of the Removal along with the United States' Motion to Dismiss [Doc. 46, pp. 1, 5]; 2) Defendants did not file answers and the Court did not address Plaintiff's Motion for Default Judgment, nor grant her a hearing [Doc. 46, pp. 2-3]; and 3) by not requiring Defendants to answer, this Judge racially discriminated

3

against her, committed professional misconduct and violated her due process rights [Doc. 46, pp. 3-4].  Plaintiff's *Objection* is addressed in more detail below.

### *Removal was Proper*

There is no Federal rule requiring any party to notify the opposing party before removing a case from state court.  While our Local Rules require that a movant seek concurrence from an opposing party before filing a *motion*, D.N.M. LR-Civ. 7.1(a), this rule does not apply to removals.  *See* 28 U.S.C. § 1441.  Thus, this case was properly removed, and Plaintiff was appropriately notified.  Plaintiff was given the opportunity to move for remand, and indeed did so.  [Doc. 7; Doc. 8]  The Court considered and denied Plaintiff's Motions on the merits, rather than for a procedural reason, such as untimeliness.  [Doc. 40, pp. 8-9]  Thus, even if there were a procedural irregularity (and the Court expressly concludes that there was no procedural irregularity), Plaintiff would not have been harmed.

### *The Court Addressed Plaintiff's Motion for Default Judgment and Defendants were not Required to Answer and thus Default Judgment was not Proper*

Though Plaintiff asserts that the Court failed to consider her Motion for Default Judgment, the Court addressed Plaintiff's arguments in footnote 9 of its *Memorandum Opinion and Order*.  [Doc. 40]  The Court's reasoning remains appropriate.  For further explanation to Plaintiff, Federal Rule of Civil Procedure 12(b) governs motions to dismiss for lack of jurisdiction, which is what the United States filed.  [Doc. 4]  According to Rule 12(b), "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."  This means that the United States

4

was required to file its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) before filing an Answer, which is exactly what the United States did.  No Answer being required of the United States unless and until the Court ruled on its Motion to Dismiss (and only if the Court denied the Motion), there was no error.  Fed. R. Civ. P. 12(a)(4).  Plaintiff was not entitled to Default Judgment against any of the Federal Defendants.  Further, as the Court is remanding the remaining claims against the State Defendants, Plaintiff may make any appropriate motion regarding default by the State Defendants in State Court.

### *This Court did not Commit Race Discrimination, Professional Misconduct or a Violation of Due Process*

As explained above, the reasons for the Court's decision are based on rulings of law applicable to all litigants regardless of race.  This Court's decision was not and is not based on Plaintiff's race.  The Court afforded Plaintiff all due process to which she was entitled, and the Court has not committed misconduct.

### *Plaintiff's Objection*

Plaintiff raises many grounds in her *Objection*, from reiterating the old to setting out new arguments.  She cites a myriad of legal constructs, including (to name a few): Due Process [*ibid.*]; the Eleventh Amendment [Doc. 49, p. 9]; good faith [Doc. 49, p. 4]; summary judgment [Doc. 49-1, p. 3] (though no motion for summary judgment was filed in this case); and relation back of compulsory counter-claims [Doc. 49, p. 18].  The *Objection* is rambling, largely incoherent, and without merit.  To the extent Plaintiff's arguments make sense, they are either repetitive of arguments she has made (and the

Court has addressed if appropriate) elsewhere in this case or based on grounds available at the time Plaintiff filed her *Declaration*, and thus will not be considered here. *Servants of Paraclete*, 204 F.3d at 1012. Moreover, none of Plaintiff's arguments demonstrate "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Id.* Thus, Plaintiff's *Objection*, which the Court construes to be a Motion for Relief brought under Federal Rule of Civil Procedure 60(b), is denied.

**CONCLUSION**

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's request [Doc. 46] for this Court to vacate its *Memorandum Opinion and Order* dated August 26, 2015 and *Plaintiff's Objection to Court's Order on 8-26-15* [Doc. 49] are **DENIED**.

**SO ORDERED** this 3rd day of November, 2015 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court